# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL LEWIS** and **TAMMY LIVINGSTON**, | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) No. 06 C 4314 |
| **PDV AMERICA, INC., CITGO PETROLEUM CORPORATION,** and **CITGO LEMONT REFINERY,** | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Defendant CITGO Petroleum Corporation ("CITGO") has filed a motion to strike plaintiff Michael Lewis and Tammy Livingston's (collectively "plaintiffs") Rule 26(a)(2) disclosure, or in the alternative to exclude certain expert testimony. During an in-court hearing before this court on April 3, 2007, plaintiffs represented that they would be filing an amended disclosure, and they have done so.[1] CITGO then filed a reply contending that the amended disclosure does not cure the deficiencies of the first disclosure. For the following reasons, I deny that motion, although I do order plaintiffs to provide additional information to CITGO as described below.

---

[1] Plaintiffs appear to have filed two separate responses to CITGO's motion, docket entries nos. 20 and 22. Docket entry number 20 is docketed as a response from Michael Lewis, and docket entry number 22 is docketed as a response from Tammy Livingston, but the two responses are both titled "Plaintiffs' Response" to the motion to strike. Although these documents are in slightly different formats from one another and Exhibit A to docket entry no. 20 is filed without attachments, they otherwise contain exactly the same content. Since docket entry no. 22 appears to be more complete, references in this memorandum opinion and order to plaintiffs' response refer to that docket entry.

## I.

Plaintiffs' complaint alleges that they were employed by a company that contracted with CITGO and other defendants to perform work at a refinery located in Lemont, Illinois. (Compl. ¶ 1.) Plaintiffs allege that CITGO owned, operated, maintained and/or controlled that refinery. (Id. at ¶ 4.) Plaintiffs also allege that while they worked at the refinery they were injured by breathing in chemical fumes; they allege their injuries were caused by the negligent acts or omissions of CITGO and the other defendants. (Id. at ¶¶ 11-14.) Plaintiffs originally brought claims against CITGO and the other defendants in state court, in matter number 03 L 2588 in the Circuit Court of Cook County (the "state case"). The parties conducted discovery, including expert discovery, as part of that suit. Plaintiffs later voluntarily dismissed that case, and subsequently re-filed it. Defendants then removed the case to federal court. Plaintiffs then filed their first Rule 26(a)(2) disclosure of expert testimony. Included among the experts identified in that disclosure were Dr. Jordan Fink, Dr. Norman Kohn, Dennis Puchalski, Susan Raterman, Jeffery Perl, Dennis J. Cesarotti, Dr. M. Sam Mannan, and Steven J. Mendrygal. After CITGO filed the present motion to strike, plaintiffs filed a response to the motion to strike that included an amended Rule 26(a)(2) disclosure. Also after CITGO filed the present motion, I extended the end of discovery to May 31, 2007.

## II.

Federal Rule of Civil Procedure 26(a)(2)(A) states that, in addition to a party's normal disclosures under 26(a)(1), a party must "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence."  Rule 26(a)(2)(B) provides that "this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness."  FED. R. CIV. P. 26(a)(2)(B).  This written report must contain (1) a complete statement of all of the witness's opinions, along with the basis and reasons for each; (2) data or other information the witness considered in forming the opinions; (3) any exhibits used as a summary of or support for the opinions; (4) the witness's qualifications, including a list of publications for the preceding ten years; (5) the compensation to be paid to the witness for her study and testimony; and (6) a list of any other cases in which the witness testified as an expert at trial or by deposition within the preceding four years.  *Id.*

The Seventh Circuit has noted that expert reports must be "detailed and complete" so that "opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources."  *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) (citations omitted).  In the event that a

party does not comply with the requirements of Rule 26(a)(2), a court may impose any sanctions appropriate under Rule 37(c)(1), including barring from testifying any expert for whom a proper Rule 26(a)(2) report is not provided. *Id.* If the expert report is merely incomplete, "the court may choose to restrict the expert's testimony to those opinions alone." *Id.* (citations omitted). Whether to bar an expert or strike a party's disclosure for non-compliance, like other sanctions under Rule 37, is in the discretion of the court. *See In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001).

## III.

Given this standard, I must consider whether the disclosures for the purported experts identified above are adequate. I consider each below.

### A. Dennis Puchalski

In plaintiffs' original Rule 26(a)(2) disclosure, plaintiffs identify Dennis Puchalski ("Puchalski") as someone with "knowledge concerning the investigation of the January 3, 1999 incident" as described in plaintiffs' disclosures in the state case and in Puchalski's "deposition and/or reports" in the state case. In their amended Rule 26(a)(2) disclosure, plaintiffs clarify that Puchalski was not "retained or specially employed" by plaintiffs to provide testimony, and is not an employee or agent of plaintiffs or their attorneys. Therefore, plaintiffs contend, they need not provide a report for Puchalski's testimony. As the Seventh Circuit has previously concluded, this is true. *See Musser v. Gentiva*

*Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004) ("[O]nly those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)."). CITGO responds that it doubts that Puchalski works for free. Based on plaintiffs' representation that Puchalski is not "retained or specifically employed" for this case, they need not provide a report for him. If it turns out that he is being paid for his services in this case, since he has not provided a Rule 26 report, he will not be allowed to testify.

B. Dr. Jordan Fink

Plaintiffs' original Rule 26(a)(2) disclosure identifies Dr. Jordan Fink ("Dr. Fink") as a retained expert "relative to medical issues." Plaintiffs' disclosure provides three "reports" of Dr. Fink, all in the form of letters from Dr. Fink to plaintiffs' counsel. In their amended disclosure plaintiffs provide an updated "report" from Dr. Fink (included as Exhibit 4 to plaintiffs' response) that includes an additional letter to plaintiffs' counsel as well as the previous letters referenced in its earlier disclosure, a copy of deposition testimony from Dr. Fink in the state case, medical records and medical reference material, a copy of Dr. Fink's *curriculum vitae*, and a list of Dr. Fink's publications and a list of cases in which Dr. Fink previously gave testimony.

CITGO responds that this amended response is still insufficient because it (1) would require them to "sift through and reconcile" an entire deposition transcript and in general does not

5

provide a clear articulation of Dr. Fink's opinions and the justification for each; (2) lists the cases in which Dr. Fink has testified without any jurisdictional identifiers; and (3) includes a list of several hundred publications without explaining which qualify Dr. Fink to render his opinions. I agree that the lack of jurisdictional identifiers is a defect. However, I can find no case law, nor has CITGO cited any, that deposition testimony may not be incorporated into an expert report, at least in the circumstances of this case, in which the expert's deposition was taken in the state case before the filing of the federal case, and before the Rule 28 report was required. Dr. Fink's expertise will be limited to the opinions he has provided in his report. I do not find the list of publications improper; Rule 26(a)(2) only requires a list of publications, not an explanation of the relevance of those publications to the matter at issue. I will give plaintiffs an opportunity to amend Dr. Fink's report to comply with Rule 26(a)(2) by including jurisdictional identifiers for the cases in which Dr. Fink previously gave testimony.

### C. Dr. Norman Kohn

Like Dr. Fink, Dr. Norman Kohn ("Dr. Kohn") is identified in plaintiffs' original Rule 26(a)(2) disclosure as a "retained expert[] relative to medical issues." This disclosure also stated that Dr. Kohn will testify consistent with his deposition testimony given in the state case, and notes that his qualifications were previously provided to the parties. In their amended disclosure, plaintiffs provide an amended report from Dr. Kohn, which includes

6

the November 3, 2003 letters as well as an additional letter, a copy of his deposition transcript from the state case, Dr. Kohn's *curriculum vitae*, and lists of Dr. Kohn's publications and of the cases in which he has appeared as an expert. This report is sufficient.

D. Susan Raterman

Plaintiffs' original Rule 26(a)(2) disclosure identifies Susan Raterman ("Raterman") as a retained expert who will testify about the dangers of and safety issues related to the chemical that plaintiffs allege caused them injury. Plaintiffs' original disclosure includes a report from Raterman that contains a three-page letter to plaintiffs' counsel, Raterman's *curriculum vitae*, her publications, and a list of cases in which she provided deposition or trial testimony. In plaintiffs' amended Rule 26(a)(2) disclosure, plaintiffs provide no additional information about Raterman other than the amount of money they paid to Raterman as of the date of the disclosure. CITGO objects to the level of detail of Raterman's list of cases in which she previously provided deposition trial or testimony because that list does not provide case names, jurisdiction, or trial dates. I agree that this information must be provided. Moreover, CITGO objects that Raterman's report does not explain the bases for her opinions. It does, although somewhat minimally. She does not, however, list the "data or other information considered by the witness in forming the opinion" and is therefore deficient. She will be given 21 days to correct this defect. If she chooses during that time, she may also

7

supplement her explanation of the basis for her opinion. She will be limited to the opinions and explanations stated in her report and supplement.

### E. Dr. Jeffery Perl, Dennis Cesarotti, Dr. M. Sam Mannan, and Steven J. Mendygral

Plaintiffs' original Rule 26(a)(2) disclosure also identifies Jeffery Perl ("Dr. Perl"), Dennis Cesarotti ("Cesarotti"), Dr. M. Sam Mannan ("Dr. Mannan") and Steven Mendygral ("Mendygral") as retained experts who will testify about appropriate safety practices relevant to the alleged incident at issue in plaintiffs' complaint. In fact, the disclosure's description as to what each proposed expert would testify is identical for each of these proposed experts. The original disclosure also includes separate reports from each of these proposed experts listing their conclusions, attaching *curricula vitae*, and listing their publications. Plaintiffs' counsel subsequently provided information to CITGO concerning Dr. Perl's rates and the cases in which he previously gave testimony. In plaintiffs' amended disclosure, plaintiffs additionally provide the amount of money that plaintiffs have paid these proposed experts as of the date of the disclosure. Plaintiffs also provide an additional report from Dr. Perl that they intend to "supplement" his initial report, attached as Exhibit 3 to plaintiffs' amended disclosure. Plaintiffs' amended disclosure provides no amended or supplemental reports for Cesarotti, Dr. Mannan or Mendrygral. In its reply, CITGO's only objection is its unexplained assertion that Dr. Perl's

report violates Rule 26(a)(2). CITGO further objects that the remainder of these proposed experts do not explain their methodology. I conclude that these disclosures facially comply with Rule 26(a)(2). These proposed experts will not be permitted to add explanations to their opinions beyond what is contained in their reports.

**ENTER ORDER:**

_____           _____
Dated: May 7, 2007                  **Elaine E. Bucklo**
                                    United States District Judge